# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2011

Lyle W. Cayce
Clerk

No. 10-20035

GEORGE RODRIGUEZ,

Plaintiff - Appellee

v.

CITY OF HOUSTON,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
Dist Ct. Docket No. 4:06-cv-2650

Before JOLLY and HAYNES, Circuit Judges, and RODRIGUEZ[*], District Judge.

PER CURIAM:[**]

George Rodriguez sued the City of Houston under 42 U.S.C. § 1983 after his conviction for rape and kidnapping was set aside on habeas review as a result of demonstrably false serology evidence presented by the chief of the City of Houston crime lab's serology section. Following a lengthy jury trial, the district court entered judgment on the jury verdict for Rodriguez. At the time judgment was entered, the state of the law on municipal liability for wrongfully

---

[*] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proffered (or withheld) evidence in our circuit could be found in the affirmance by an equally divided en banc court in *Thompson v. Connick*, 578 F.3d 293 (5th Cir. 2009). Prior to the en banc affirmance, a panel of this court had likewise affirmed the liability of the city in that case. *Thompson v. Connick*, 553 F.3d 836 (5th Cir. 2008). After this case was on appeal to our court, the United States Supreme Court granted certiorari in *Connick v. Thompson*, 130 S. Ct. 1880 (2010), and we stayed this appeal pending the Supreme Court's decision in that case. Thereafter, the Court reversed our court in *Connick v. Thompson*, 131 S. Ct. 1350 (2011).

We conclude that the interests of justice counsel in favor of allowing the district court in the first instance to consider that case and apply it as appropriate to the extensive facts and evidence developed in the lengthy trial in this case. Accordingly, without determining the merits at this time, we VACATE the district court's judgment and REMAND for consideration in light of *Connick*. *See Sabala v. Western Gillette, Inc.*, 559 F.2d 282, 283 (5th Cir. 1977); *see also Elizondo v. Parks*, 254 F. App'x 329, 332 (5th Cir. 2007) (unpublished) (vacating the district court's order denying qualified immunity and remanding for reconsideration in light of *Garcetti v. Ceballos*, 547 U.S. 410 (2006)).

.